IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


CARL E. SPENCER                          *
                    Plaintiff,
        v.                               *   CIVIL ACTION NO. RDB-05-1322


MEDICATION NURSE MS. VANISON             *
PRISON HEALTH SERVICES, INC.
                    Defendants.          *
                                         ******

## MEMORANDUM OPINION

I.      *Background*

On March 13, 2005,  this Court received for filing Plaintiff's 42 U.S.C. § 1983 civil rights

complaint for injunctive relief and compensatory damages.   Plaintiff claimed that: (i) on April 18 and April

20, 2005, Nurse Vannison[1] negligently gave him medication that was not prescribed to him; and (ii) since

November 6, 2004, Prison Health Services, Inc.  ("PHS") and its staff "refuses to meet the medical needs

of this Plaintiff." (Paper No. 1 at 4).    On May 25, 2005, Plaintiff filed a court-ordered supplemental

complaint, alleging that during his detention, first at the Baltimore Central Booking and Intake Center and

later at the Baltimore City Detention Center, he was not provided requested treatment, i.e. pain medication

and a neck brace, for injuries he sustained at the hands of Baltimore City police officers in November of

2004.   (Paper No. 4).

On June 30, 2005, Defendants filed a Motion to Dismiss.  (Paper No. 10).  Although afforded

notice of the filing (*see* Paper No. 11), Plaintiff has failed to oppose the Motion.   No hearing is needed to

---

[1]     The Clerk shall amend the docket to reflect the correct spelling of the name of this Defendant.

resolve the constitutional issues presented in the matter.  *See* Local Rule 105.6. (D. Md. 2004).  For reasons which follow, the Court shall grant Defendants' Motion.


II.  *Standard of Review*

    *Motion to Dismiss*

    A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to particular acts or practices.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

III.  *Analysis*

    Defendants assert that Plaintiff's complaint is subject to dismissal because: (i) Plaintiff has not exhausted his administrative remedies; (ii) Plaintiff's *respondeat superior* claim against Prison Health Services, Inc. ("PHS") fails as a matter of law; and (iii) Plaintiff's claims against Defendant Vannison allege, at best, negligence, which is not actionable under § 1983.  (Paper No. 10).  Plaintiff has not rebutted these arguments.

Turning to the dispositive issues, it is clear that Plaintiff's allegations against the named Defendants are subject to dismissal. To the extent that Plaintiff seeks to implicate PHS based solely upon vicarious liability, otherwise known as the doctrine of *respondeat superior*, the law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D. Va. 1991).

Moreover, the only precise claims leveled against Defendant Vannison is that she negligently gave Plaintiff the wrong medication on April 18 and April 20, 2005. In order to state an Eighth Amendment constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendants' acts (or failures to act) amounted to deliberate indifference to his serious medical needs.[2] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mere negligence or malpractice, as alleged here, does not rise to a constitutional level. *Russell v. Shaeffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Plainly, no colorable § 1983 claim has been stated against Defendant Vannison.[3]

---

[2]    The medical treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). Deliberate indifference may be established by showing either actual intent or reckless disregard. *Id.* Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994).

[3]    Defendants also argue that the Complaint is subject to dismissal for the failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiff's prisoner complaint falls under the exhaustion prerequisites of § 1997e(a), and his

IV.     *Conclusion*

For the aforementioned reasons, Defendants' Motion to Dismiss shall be granted.  Plaintiff's claims regarding the denial of medical treatment for unspecified injuries arising out of a November, 2004 pre-detention incident are, however, dismissed without prejudice.   A separate Order follows.


Date:   August 3, 2005

/s/
_____
          RICHARD D. BENNETT
          UNITED STATES DISTRICT JUDGE

---

medical claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement, or that defendants have forfeited their right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 2004 WL 1205695 (4th Cir.  June 2, 2004) (per curiam).

In his original Complaint, Plaintiff indicated that he had filed a grievance, but there was "no response."   (Paper No. 1 at 3, § II.B.).  Defendants assert that this "bald allegation" standing alone, is insufficient to demonstrate that Plaintiff fully exhausted his administrative remedies.  Plaintiff does not refute this claim.  Therefore, the Complaint is arguably subject to dismissal under 42 U.S.C. § 1997(e).